E-Filed 6/15/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHOO!, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>DOES 1 THROUGH 510, INCLUSIVE,<br><br>  Defendant. | Case No. 16-cv-02879-LHK  (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED IMMEDIATE DISCOVERY**<br><br>Re: Dkt. No. 11 |

Plaintiff Yahoo! Inc. ("Yahoo") sues 510 Doe Defendants ("Defendants") for trademark infringement and other related claims. Yahoo alleges Defendants use false advertising to present themselves as Yahoo tech-support employees who can be reached through certain toll-free phone numbers and that, when called, Defendants "scam[]" Yahoo customers by "demand[ing] compensation and . . . confidential information" as the price for tech-support services. Dkt. No. 1 at 5-7.

Yahoo moves the court for leave to conduct limited early discovery—service of "a Rule 45 subpoena on seven nonparty toll-free service providers"—in order to identify the subscribers who "operat[e]" 51 toll-free numbers. Dkt. No. 11 at 3. The court, for the reasons discussed below, grants the motion as to one phone number and denies the motion as to the others.

**Discussion**

Discovery ordinarily may not take place when the plaintiff has not yet served any defendant, but a district court has discretion to permit limited early discovery for good cause shown. *E.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 5:11-cv-01846, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011). "[I]n rare cases, courts have . . . permit[ed] limited discovery . . . to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). A district court

should permit "an opportunity through discovery to identify . . . unknown defendants, unless it is clear that discovery would not uncover the identities[] or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

The undersigned is satisfied the discovery requested by Yahoo is reasonably likely to uncover Defendants' identities. Attorney Tom Wyrwich declares: (1) he has investigated the identities of Defendants, Dkt. No. 14 at 1-2; (2) he learned that SOMOS, Inc. ("SOMOS") "administers the assignment of toll-free" phone numbers in North America, Dkt. No. 14 at 2; (3) SOMOS "identified" seven specific companies which provide service for 51 specific toll-free numbers used by Defendants, Dkt. No. 14 at 2-4; and (4) those companies refuse to provide information about their subscribers unless Yahoo serves them with subpoenas, Dkt. No. 14 at 2-4. And Andrew Yolevich ("Yolevich"), an investigator employed by Yahoo since 2010, specifically describes the information and the experiences which lead him to believe that each of the 51 toll-free numbers is being used by "fake customer care companies [that] seek to convince users that they represent or are affiliated with Yahoo" in order to defraud Yahoo's customers. Dkt. No. 12 at 2-10. These declarations persuade the undersigned that the subscribers to the toll-free numbers are likely to be, or else to possess information about, Defendants.

The undersigned is not satisfied the requested discovery should be permitted, however, because the undersigned currently believes most of Defendants should be dismissed for misjoinder. Federal Rule of Civil Procedure ("FRCP") 20 permits joinder of several defendants in a single case "where the claims against them arise from a single transaction or a series of closely related transactions." *Diabolic Video Productions, Inc. v. Does 1-2099*, Case No. 10-cv-5865-PSG, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011). Misjoinder "is not a ground for dismissing" an entire case, but a court may, "on just terms, . . . drop a party" to cure misjoinder. Fed. R. Civ. P. 21. A district court therefore has the authority to sever and dismiss defendants to cure misjoinder. *See*, *e.g.*, *Diabolic Video Productions, Inc.*, 2011 WL 3100404, at *4 (severing "Does 2 through 2099" and recommending that the claims against those defendants be "dismissed without prejudice" upon reassignment to a district judge); *IO Group, Inc. v. Does 1-435*, Case No. 10-cv-04382-SI, 2011 WL 1219290, at *2 (N.D. Cal. Jan. 10, 2011) (severing and dismissing

1   "Does 2 through 435" with leave to file new cases against them individually); *OpenMind Solutions, Inc. v. Does 1-39*, Case No. 11-cv-3311-MEJ, 2011 WL 3740714 (N.D. Cal. Aug. 23, 2011); *Patrick Collins, Inc. v. John Does 1 through 38*, Case No. 12-cv-01451-KJN, 2012 WL 2681828 (E.D. Cal. July 6, 2012). Yolevich describes "fake customer care companies" as one of several recurring problems which Yahoo addresses by employing an "E-Crimes Investigations Team[.]" Dkt. No. 12 at 1-2. This suggests that likeminded scammers have developed an identifiable genre of Yahoo-customer-care scams over time, but it does not suggest that all scammers who pose as Yahoo-customer-care agents are likely to be working together. The undersigned therefore doubts that the claims against the 510 Does in this case arise either from a single transaction or from a series of closely related transactions.

Yolevich does assert, at least, that "many" of the 51 toll-free numbers are likely to be operated by a single party or by "related parties" because: (1) the online "advertising" for the numbers is "similar in wording or appearance"; (2) several of the numbers use "similar[]" pre-recorded "greetings . . . and hold music" and (3) the "representatives who answer the phone" behave similarly. Dkt. No. 12 at 10. The undersigned is not persuaded, however, by the facts currently before the court. Yolevich's declaration has 39 attached exhibits which contain images of online advertisements for 39 of the phone numbers, Dkt. No. 12 at 3-9, but Yolevich appears to lack evidence that the other 12 numbers have been advertised online, *see* Dkt. No. 12 at 9-10. It seems likely that the online advertisements submitted to the court have been authored by a multitude of people with varying degrees of English-language proficiency. *See*, *e.g.*, Dkt. No. 12-1 at 2 ("Welcome To Contact Yahoo Technical Support"); Dkt. No. 12-2 at 2 ("Fix Yahoo Spam & Password Issues"); Dkt. No. 12-4 at 2 ("95% Customer Support Satisfaction Rating"); Dkt. No. 13-19 at 2 ("FOR YOUR HAPPY LIFE, WE ARE HERE"). Yolevich also reports a wide variety of greetings, misrepresentations, and illicit requests for compensation which he heard when he called the different phone numbers. Dkt. No. 12 at 3-10. And although the same pre-recorded "Koobface Greeting" is used for 8 of the numbers, Dkt. No. 12 at 4-5, 7-9, there is no suggestion that any pre-recorded greetings are used for the other 43 numbers and there is no suggestion that "hold" music is used at all, Dkt. No. 12 at 3-10.

The undersigned is therefore presently convinced that Yahoo has improperly joined a disparate set of defendants who allegedly committed similar wrongs, but who do not seem to have committed those wrongs in a closely related series of transactions. *See*, *e.g.*, *Diabolic Video Productions, Inc.*, 2011 WL 3100404, at *3 (use of the same "peer-to-peer network" to infringe the same copyright failed to show joinder was permissible under FRCP 20). The apparent misjoinder means that early discovery would be inappropriate at to most of Defendants, *e.g.*, *id.* (applying *Gillespie*, 629 F.2d at 642), and so the undersigned grants the motion for leave to take limited immediate discovery only with respect to the first ten Does—the Does associated with phone number 1-800-385-4304. Dkt. No. 1 at 8. The motion is otherwise denied. Yahoo may file, no later than June 20, 2016, a proposed subpoena which seeks identifying information and contact information for the RingCentral, Inc. subscriber who operates that number. Dkt. No. 14 at 2.

The undersigned notes: (1) this order is based on the appearance of misjoinder, and does not purport to rule on whether misjoinder has actually occurred; and (2) the presiding district judge has authority to rule directly on the issue of misjoinder and to "modif[y]" the scope of this discovery order in accord with any such ruling, *see IO Group, Inc.*, 2011 WL 1219290, at *2 (modifying a prior discovery order which became "overbroad" upon a finding of misjoinder).

## Conclusion

The motion for leave to conduct limited early discovery is granted in part and denied in part due to the appearance of misjoinder. Yahoo may file, no later than June 20, 2016, a proposed subpoena which seeks identifying information and contact information for the RingCentral, Inc. subscriber who operates phone number 1-800-385-4304.

**IT IS SO ORDERED.**

Dated: 6/15/16

HOWARD R. LLOYD
United States Magistrate Judge