1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   YAHOO!, INC.,                    | Case No. 16-CV-02879-LHK

13              Plaintiff,            | **ORDER DENYING MOTION FOR**
                                      | **RELIEF FROM NONDISPOSITIVE**
14        v.                          | **PRETRIAL ORDER AND ORDER**
                                      | **DISMISSING DOES 11 THROUGH 510**
15   DOES 1 THROUGH 510, INCLUSIVE,   |
                                      | Re: Dkt. No. 22
16              Defendant.            |

17

18        Plaintiff Yahoo!, Inc. ("Yahoo") brings this action against 510 Doe Defendants

19   ("Defendants").  Before the Court is Yahoo's motion for relief from a discovery matter referred to

20   U.S. Magistrate Judge Howard Lloyd.  ECF No. 22 ("Mot.").  Having considered the briefing, the

21   relevant law, and the record in this case, the Court DENIES Yahoo's motion for relief.  The Court

22   also finds that Does 11 through 510 have been misjoined, and DISMISSES without prejudice

23   Does 11 through 510 from this action.  The initial case management conference, currently set for

24   August 17, 2016, at 2:00 p.m., is CONTINUED to September 21, 2016, at 2:00 p.m.

25   **I.        BACKGROUND**

26        **A.  Factual Background**

27                                           1

28   Case No. 16-CV-02879-LHK
     ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER
     DISMISSING DOES 11 THROUGH 510

United States District Court
Northern District of California

Yahoo is a Delaware corporation with its principal place of business in Sunnyvale, California.  ECF No. 1 ("Compl.") ¶ 1.  With over 250 million active users, Yahoo Mail is one of Yahoo's "core communication services."  *Id.* ¶ 9.  Yahoo "provides free help and customer support" to Yahoo Mail "users through a variety of avenues."  *Id.* ¶ 13.  These avenues include Yahoo's own website, Facebook, Twitter, and Tumblr.  *Id.*

According to Yahoo, "numerous third parties prey on [Yahoo Mail] users, creating and promoting websites and social media[] profiles often using Yahoo's intellectual property, and advertising phone numbers that direct [users] to unaffiliated third party services.  These websites and social media profiles confuse Yahoo's users into believing the phone numbers are affiliated with Yahoo Customer Care, when they are not."  *Id.* ¶ 15.  "Yahoo's users innocently call these advertised phone numbers and fall victim to statements made by the parties on the other end who demand compensation and in some instances confidential information in order to help Yahoo's users with their Yahoo accounts."  *Id.* ¶ 16.

Yahoo filed a single complaint against 510 Doe Defendants who operated 51 unique toll-free telephone numbers—ten Doe Defendants for every telephone number.  Mot. at 2.  Thus, Doe Defendants 1 through 10 are associated with telephone number 1-800-385-4304, Doe Defendants 11 through 20 are associated with 1-800-732-3911, Doe Defendants 21 through 30 are associated with 1-800-863-2390, and so forth.  Compl. ¶¶ 19–21.  When these numbers are called, "many of the Defendants directly represent themselves as Yahoo in phone conversations with Yahoo users."  *Id.* ¶ 18.  In addition, Defendants advertise through a number of different mediums, from Facebook to Twitter to LinkedIn.  *Id.* ¶¶ 19, 22, 31.  Defendants use Yahoo trademarks in their advertising, and represent themselves as "Yahoo Mail Support," "Yahoo tech support," and "Yahoo Password Recovery," among other entities.  *Id.* ¶¶ 20, 21, 23.

**B.  Procedural History**

Yahoo filed the complaint in this case on May 27, 2016.  The complaint alleges violations of state and federal trademark laws, federal consumer fraud laws, and state unfair practices laws.

2

United States District Court
Northern District of California

1    The case was originally assigned to U.S. Magistrate Judge Howard Lloyd.  ECF No. 5.  On May

2    31, 2016, Yahoo declined magistrate judge jurisdiction, and the case was subsequently reassigned

3    to the undersigned judge.  ECF No. 9.  On June 2, 2016, Yahoo filed an application for leave to

4    take immediate discovery.  In Yahoo's motion, Yahoo states that the 51 toll-free numbers at issue

5    are affiliated with seven service providers.  These seven service providers, however, will not

6    "provide information about the identity of their customers" without a subpoena or court order.

7    ECF No. 11 at 3.  Accordingly, Yahoo seeks "service of a . . . subpoena on seven nonparty toll-

8    free service providers . . . in order to identify the subscribers who operate [the] 51 toll-free

9    numbers."  ECF No. 18 at 1 (internal quotation marks and alteration omitted).

10           On June 15, 2016, Judge Lloyd granted in part and denied in part Yahoo's motion.

11   According to Judge Lloyd, the evidence demonstrated that all "subscribers to the toll-free numbers

12   are likely to be, or else to possess information about, Defendants."  *Id.* at 2.  However, Judge

13   Lloyd declined to grant Yahoo's motion in its entirety, as he "believe[d] [that] most of Defendants

14   should be dismissed for misjoinder."  *Id.*  After reviewing pertinent case law and the facts in the

15   instant case, Judge Lloyd held that Yahoo's complaint "suggest[s] that likeminded scammers have

16   developed an identifiable genre of Yahoo-customer-care scams over time."  *Id.*  The complaint

17   does not suggest, however, "that all scammers who pose as Yahoo-customer-care agents are likely

18   . . . working together."  *Id.*  Judge Lloyd therefore "doubt[ed] that the claims against the 510

19   [Defendants] in this case arise either from a single transaction or from a series of closely related

20   transactions."  *Id.*  Judge Lloyd further noted that Defendants used different advertising slogans,

21   different phone numbers, different techniques, and "a wide variety of greetings,

22   misrepresentations, and illicit requests for compensation."  *Id.* at 3.  Thus, Judge Lloyd was

23   "convinced that Yahoo ha[d] improperly joined a disparate set of defendants who allegedly

24   committed similar wrongs, but who do not seem to have committed those wrongs in a closely

25   related series of transactions."  *Id.* at 4.  Accordingly, Judge Lloyd provided Yahoo leave to

26   conduct limited discovery as to the first ten Does—the Does associated with phone number 1-800-

27

28   Case No. 16-CV-02879-LHK

3

ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER
DISMISSING DOES 11 THROUGH 510

United States District Court
Northern District of California

1    385-4304.  *Id.*  Yahoo's motion was otherwise denied.

2        On June 16, 2016, Yahoo filed a proposed subpoena for RingCentral, Inc. ("RingCentral"),

3    the toll-free service provider who operated 1-800-385-4304.  ECF No. 19.  Judge Lloyd issued an

4    order approving the proposed subpoena on June 17, 2016.  ECF No. 20.  In the two months since

5    the approval of the proposed subpoena, Yahoo has reached out to RingCentral, but has failed to

6    identify and serve Doe Defendants 1 through 10.

7        On August 4, 2016, Yahoo filed the instant motion for "determination of [a] dispositive

8    matter referred to magistrate judge, or in the alternative, . . . for relief from [a] nondispositive

9    pretrial order [of a] magistrate judge."  Yahoo argues that, although Judge Lloyd's order was

10   technically nondispositive, "[t]he practical effect" was dispositive because it would require Yahoo

11   to file 51 separate complaints—one complaint per toll-free number.  Mot. at 1.

## II.    LEGAL STANDARD

13       The district court may designate any non-dispositive pretrial matter to be determined by a

14   magistrate judge, whose ruling on the matter will be modified or set aside only if "clearly

15   erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A magistrate

16   judge's factual determinations are reviewed for clear error, which allows the district court to

17   overturn them only if the court reaches a "definite and firm conviction that a mistake has been

18   committed."  *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  In addition, a

19   magistrate judge's legal conclusions are reviewed *de novo* to determine whether they are contrary

20   to law.  *Id*.

## III.   DISCUSSION

22       The Court begins by examining whether Judge Lloyd's discovery order was dispositive or

23   nondispositive.  Next, the Court examines whether Defendants were misjoined.  Finally, the Court

24   addresses how this case should proceed going forward.

### A.   Non-Dispositive and Dispositive Pretrial Matters

26       First, as to whether Judge Lloyd's discovery order was dispositive or nondispositive in

27

4

28   Case No. 16-CV-02879-LHK
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER
DISMISSING DOES 11 THROUGH 510

United States District Court
Northern District of California

United States District Court
Northern District of California

nature, the Court notes that, as a general rule, "[m]atters concerning discovery generally are considered 'nondispositive' of the litigation."  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (9th Cir. 1990); *accord Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414 (2d Cir. 1991) ("Nondispositive issues include discovery" issues); *Hawai'i Disability Rights v. Cheung*, 2007 WL 2581468, *3 (D. Haw. Sept. 4, 2007) ("Courts tend to find [that] matters relating to discovery and discovery violations are nondispositive").

The instant case does not warrant a departure from this general rule.  Indeed, Judge Lloyd clearly indicated that his discovery ruling was intended to be nondispositive.   Although Judge Lloyd believed that "Yahoo ha[d] improperly joined a disparate set of defendants," ECF No. 18 at 4, he did not issue a report and recommendation to this effect.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) ("As to dispositive matters, the magistrate judge may go no further than issuing a report and recommendation to the district court, which then must undertake *de novo* review.").  Moreover, Judge Lloyd expressly reserved the issue of misjoinder for this Court to decide.  His order stated, in no uncertain terms, that "the presiding district judge has authority to rule directly on the issue of misjoinder and to modify the scope of this discovery order in accord with any such ruling. "  ECF No. 18 at 4 (internal quotation marks and alteration omitted). Accordingly, because Judge Lloyd's discovery order (1) did not recommend that Defendants be dismissed or severed, and (2) left the issue of misjoinder for this Court to decide, Judge Lloyd's ruling was a nondispositive pretrial order.

Because Judge Lloyd issued a nondispositive pretrial order, Yahoo has failed to comply with Civil Local Rule 72-2, which states that a motion for relief from a nondispositive pretrial order "may not exceed 5 pages" in length.  Civil L.R. 72-2.  Yahoo's motion is 8 pages long. Under Ninth Circuit precedent, this fact alone provides a basis for denial of Yahoo's motion.  *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The Court, however, need not deny Yahoo's motion on this basis.  As discussed below,

5

even under de novo review, the Court finds that Yahoo's complaint has misjoined the 510 Doe Defendants in this action.  Pursuant to Judge Lloyd's order, Yahoo should thus take limited discovery of Doe Defendants 1 through 10.  The remaining Doe Defendants—Doe Defendants 11 through 510—shall be dismissed without prejudice.

### B.  Misjoinder

Under Federal Rule of Civil Procedure 20(a), permissive joinder of defendants is appropriate where (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2), "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  "Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotation marks omitted).  "A determination on the question of joinder of parties lies within the discretion of the district court."  *Wynn v. Nat. Broadcasting Co., Inc.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002).

In the instant case, nothing in the record demonstrates that Defendants' conduct arose out of the same transaction, occurrence, or series of transactions or occurrences.  In fact, the evidence appears to points in the opposite direction.  First, the complaint alleges that there are 51 different phone numbers at issue, which implicate seven different toll-free service providers.  There is thus no single common phone number and no single common service provider in the instant case.

Moreover, with respect to Yahoo's trademark infringement claims, some Defendants used Yahoo's name in advertising, others used Yahoo's name and Yahoo's logo, and others did not even advertise at all.  According to Yahoo's own filings, "[a]dvertisements related to thirty-nine of the [51] phone numbers used Yahoo's stylized marks and logos."  ECF No. 11 at 2.  Yahoo has presented no evidence demonstrating that the remaining 12 sets of phone numbers engaged in *any* advertising.

Case No. 16-CV-02879-LHK
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER DISMISSING DOES 11 THROUGH 510

United States District Court
Northern District of California

As to the 39 phone numbers that were advertised, these numbers were advertised through a variety of different mediums.  Some Defendants relied upon YouTube, others on LinkedIn, others on Facebook, others on Pinterest, and still others on independent, standalone websites.  Compl. ¶¶ 24, 49, 57; ECF No. 12-3.

Next, each set of Doe Defendants appears to have used a slightly different advertising tagline.  *Compare, e.g.*, Compl. ¶ 22 (Defendant Does 31–40 using "Yahoo Support Phone Number," "Yahoo Customer Service," "Yahoo Phone Number," "Yahoo Mail Support Phone Number," "Yahoo Email Support, "Yahoo! Mail Support Number," and "Yahoo Tech Support"), *with* ¶ 35 (Defendant Does 161–70 representing themselves as "Yahoo account recovery," "Yahoo support," "Yahoo Customer Service Helpline," "Yahoo Tech Support," "Yahoo Technical Support, and "Yahoo Custmore [sic] Support.").  There is no indication that Defendants engaged in a common advertising scheme or even necessarily used common advertising techniques.

Furthermore, it appears that each set of Defendants differed in terms of outreach.  Some Defendants proactively contacted users and informed them that there was "suspicious activity" in their account or that their account had been hacked.  ECF No. 12 at 8.  Others simply posted a phone number, and answered calls with "Thank you for calling Yahoo" or "Thank you for calling Yahoo e-mail services."  *Id.* at 9.  The greeting and the hold music differed amongst the various sets of phone numbers.  When speaking to a Yahoo Mail user, these Defendants also handled each user's issues differently; there is no evidence that some common, uniform approach was taken.

Finally, the discovery that Yahoo has been able to take, as to Doe Defendants 1 through 10, does not demonstrate any sort of connection between these Doe Defendants and the other Defendants in this action.  Indeed, in Yahoo's latest case management statement, Yahoo reports that it has reached out and received some information from RingCentral, but has not yet determined whether the information will enable Yahoo to serve the actual subscriber of 1-800-385-4304.  ECF No. 23.  Thus, in the two months since Yahoo has been granted leave to take discovery, Yahoo has still not identified a single Defendant, much less any evidence that all 510

Case No. 16-CV-02879-LHK
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER DISMISSING DOES 11 THROUGH 510

United States District Court
Northern District of California

1  Defendants were part of a single occurrence, transaction, or series of transactions or occurrences.

2      To summarize, there are numerous significant differences between Defendants.  These

3  differences—in terms of the different phone numbers used, how a phone number was advertised,

4  and how calls to these numbers were handled—demonstrate that Yahoo's claims do not arise out

5  of the same transaction, occurrence, or series of transaction of occurrences.

6      Case law favors this finding.  In *Slep-Tone Entertainment Corp. v. Ellis Island Casino &*

7  *Brewery*, 2013 WL 530905, *1 (D. Nev. Feb. 11, 2013), for instance, plaintiff was a

8  "manufacturer and distributor of karaoke accompaniment tracks sold under the name 'Sound

9  Choice.'"  Plaintiff brought suit against over 90 different karaoke venues and karaoke venues,

10 alleging trademark infringement.  In deciding to grant defendants' motion to sever, the *Slep-Tone*

11 court observed that "[t]here is no binding Ninth Circuit authority on when joinder is appropriate in

12 a trademark case where the plaintiff sues divergent defendants for infringing the same

13 trademarks."  *Id.* at *2.  "District courts in the Ninth Circuit that have considered similar

14 trademark and patent cases," however, "largely find joinder inappropriate."  *Id.* (citing supporting

15 case law from District of Arizona and Northern District of California).

16     Consistent with these other district court decisions, the *Slep-Tone* court observed that "the

17 only relationship between . . . [d]efendants is that they allegedly violated the same trademark."  *Id.*

18 at *3.  "The claims in this case do not arise from related activities and are made against separate,

19 competing entities.  Under Ninth Circuit law, this is not sufficient to establish a logical

20 relationship which satisfies Rule 20's 'same transaction or occurrence' requirement."  *Id.*

21     Given the lack of joinder decisions in the trademark area, the Court also finds instructive

22 the peer-to-peer network sharing cases in the Northern District of California.  In these cases, a

23 defendant allegedly violates plaintiff's copyrights by downloading and sharing plaintiff's work

24 with other defendants.  As Yahoo acknowledges, in these cases, courts in the Northern District of

25 California have overwhelmingly found misjoinder—Yahoo's own motion cites nine such

26 examples, all decided in the past ten years.  Mot. at 4.

27

28

Case No. 16-CV-02879-LHK
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER
DISMISSING DOES 11 THROUGH 510

1    On this point, the district court's reasoning in *On the Cheap, LLC v. Does 1–5011*, 280

2    F.R.D. 500 (N.D. Cal. 2011), is particularly illuminating.  In *On the Cheap*, the district court

3    observed that "recent decisions on th[e] [peer-to-peer] sharing issue have concluded that . . .

4    downloading the same file [does] not mean that each of the defendants were engaged in the same

5    transaction or occurrence." *Id.* at 502.  Thus, consistent with these decisions, the district court

6    determined that plaintiff in *On the Cheap* had failed to satisfy Rule 20(a)'s "same transaction or

7    occurrence" requirement.

8    Moreover, setting aside this Rule 20(a) requirement, the *On the Cheap* court also noted

9    that it "would still sever the Doe defendants based on [the court's] discretionary authority." *Id.* at

10   503.  As the district court pointed out, the defendants in *On the Cheap* would "likely raise

11   different factual and legal defenses," because the allegations made against them were all

12   somewhat different.  *Id.*  "Because the large number of defendants with individual issues will

13   create 'scores of mini-trials involving different evidence and testimony' and complicate the issues

14   for all those involved, it is more efficient to proceed with separate cases where there will be

15   separate proceedings, including separate motion hearings and ADR efforts." *Id.*

16   Joinder would also "be prejudicial to the defendants" because almost all of the defendants

17   were "located outside of Northern California." *Id.* at 504.  "[P]laintiff's desire to enforce its

18   copyright in what it asserts is a cost-effective manner does not," the district court explained,

19   "justify perverting the joinder rules to first create the management and logistical problems

20   discussed . . . and then offer to settle with [the] defendants so that they can avoid digging

21   themselves out of the morass plaintiff is creating." *Id.* at 505; *see also Ingenuity13 LLC v. Doe*,

22   2016 WL 3212176, *2–*3 (9th Cir. June 10, 2016) (affirming district court decision to impose

23   sanctions on copyright owner for bringing mass joinder action because owner was engaging in a

24   "legal shakedown" and "fishing-expedition" discovery).

25   Consistent with *On the Cheap*, the D.C. Circuit, which appears to be the only circuit court

26   to have addressed mass joinder in the filesharing context, has held that such joinder was improper.

27

9

28   Case No. 16-CV-02879-LHK
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER
DISMISSING DOES 11 THROUGH 510

United States District Court
Northern District of California

1    *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990 (D.C. Cir. 2014); Stefan Mentzler & Michael La

2    Marca, *Joinder and Early Discovery in BitTorrent Copyright Infringement Lawsuits*, 33 CARDOZO

3    ARTS & ENT. L.J. 89, 104 (2015) (noting that D.C. Circuit was first circuit court to address mass

4    joinder in filesharing.  As the D.C. Circuit explained, two "users who download the same file

5    months apart are like two individuals who play at the same blackjack table at different times.

6    They may have won the same amount of money, employed the same strategy, and perhaps even

7    played with the same dealer, but they have still engaged in entirely separate transactions.  And

8    simply committing the same type of violation in the same way does not link defendants together

9    for the purposes of joinder."  752 F.3d at 997–98 (internal quotation marks and alteration omitted).

10       The Court finds the reasoning in *Slep-Tone*, *On the Cheap*, and *AF Holdings* persuasive.

11   Here, as in those cases, the single element linking Defendants together is that they committed the

12   same violation—trademark infringement against Yahoo.  However, the evidence demonstrates that

13   Defendants committed the violations in different ways, using different phone numbers, through

14   different advertising mediums, and with different advertising messages.  There is no evidence that

15   Defendants acted in concert or, for that matter, even knew one another.  Moreover, based on the

16   facts presented, it appears that Defendants would adopt different defensive tactics and make

17   different legal arguments in countering Yahoo's contentions.  Yahoo's attempt to join these

18   Defendants together is therefore improper.

19       Yahoo's reliance on *Zoosk Inc. v. Doe 1*, 2010 WL 5115670 (N.D. Cal. Dec. 9, 2010),

20   *Brighton Collectibles, Inc. v. RK Tex. Leather Mfg.*, 2013 WL 2631333 (S.D. Cal. June 11, 2013),

21   and *Jacques v. Hyatt Corp.*, 2012 WL 3010969 (N.D. Cal. July 23, 2012), is inapposite.  In *Zoosk*,

22   plaintiff brought suit against a single Twitter account which posted defamatory statements.

23   Discovery revealed that this Twitter account had been accessed by eight different IP addresses.

24   Thus, unlike the instant case, the alleged defamation arose from the same transaction or

25   occurrence—a group of entities who accessed a single account to defame plaintiff.  Similarly, in

26   *Brighton*, the district court found joinder proper where a group of companies had copied plaintiff's

27

28   Case No. 16-CV-02879-LHK
     ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER
     DISMISSING DOES 11 THROUGH 510

United States District Court
Northern District of California

United States District Court
Northern District of California

1    handbag and watch designs.  Critically, these companies all decided to resell the allegedly

2    infringing products to the same defendant, Texas Leather.  In *Jacques*, plaintiff brought suit

3    against Hyatt Corporation ("Hyatt"), the hotel chain, and Medical Technology, Inc. ("MedTech")

4    a knee brace manufacturer.  Plaintiff had suffered a knee injury while walking around a Hyatt

5    hotel.  He purchased a MedTech knee brace after the first incident.  Shortly thereafter, plaintiff

6    reinjured his knee in his backyard.  The district court held that joinder was proper "[b]ecause

7    [plaintiff's] injuries occurred only two months apart, the first accident was allegedly a causal

8    factor in the second, and both incidents allegedly contributed to the current condition of

9    [plaintiff's] knee."  *Id.* at *4.

10        The "single transaction or occurrence" requirement was clearly met in *Zoosk*, *Brighton*,

11   and *Jacques*: *Zoosk* involved a single line of defamation, *Brighton* involved a single reseller of

12   infringing goods, and *Jacques* arose from the same knee injury, aggravated over two incidents

13   close in time.  Moreover, there were far fewer parties in *Zoosk*, *Brighton*, and *Jacques*—a single

14   Twitter account in *Zoosk*, a single retailer in *Brighton*, and two companies in *Jacques*—which

15   made case management a far simpler proposition.

16        In the instant case, on the other hand, there are 510 parties, and Yahoo has cited no case

17   where so many parties, with such different characteristics, have been joined together in a single

18   action.  The Court has found none in its own research.  Furthermore, based on a review of the

19   record, it appears that many Defendants infringed upon Yahoo's trademark through a different

20   manner and with a different medium, and could thus present a variety of different defenses.

21   Accordingly, unlike in *Zoosk*, *Brighton*, and *Jacques*, Yahoo has failed to satisfy Rule 20(a), and

22   Defendants have been misjoined in this action.

23   **C.  Dismissal and Case Management**

24        "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the

25   misjoined parties, so long as no substantial right will be prejudiced by the severance."  *Coughlin v.*

26   *Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  "In such a case, the court can generally dismiss all

27

28   Case No. 16-CV-02879-LHK
     ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AND ORDER
     DISMISSING DOES 11 THROUGH 510

11

but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint."  *Id.* (internal quotation marks omitted).[1]

In the Northern District of California's peer-to-peer filesharing cases, courts routinely dismiss defendants without prejudice and invite plaintiffs to re-file various individual complaints. These complaints may, if appropriate, be consolidated subject to Federal Rule of Civil Procedure 42.  *See, e.g.*, Fed. R. Civ. P. 42 ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."); *Patrick Collins, Inc. v. Jone Does 1 through 9*, 2012 WL 7062535, *4 (S.D. Cal. Nov. 8, 2012) ("The Court . . . severs all defendants except Doe Defendant at IP address 108.80.117.253 . . . .  The Court dismisses the claims against the severed Doe Defendants without prejudice to Plaintiff refiling through separate complaints.").

The Court adopts the same approach in the instant case.  The Court thus DENIES Yahoo's motion for relief from Judge Lloyd's nondispositive pretrial order, and finds that Yahoo may proceed with limited discovery against Doe Defendants 1 through 10, who are associated with phone number 1-800-385-4304.  The Court DISMISSES without prejudice Doe Defendants 11 through 510.  Yahoo is invited to file an additional 50 separate complaints—one for each of the 50 other phone numbers alleged in the complaint.  Yahoo may subsequently file a motion to consolidate all 51 cases.

Finally, the Court observes that Yahoo has failed to identify and serve *any* Defendant, despite filing the complaint on May 27, 2016, and despite being granted leave to take limited discovery on June 15, 2016.  The Court therefore CONTINUES the initial case management conference, currently set for August 17, 2016, at 2:00 p.m., to September 24, 2016, at 2:00 p.m.  If Yahoo fails to identify and serve a Defendant by this time, the Court may, in its discretion, dismiss

---

[1] Dismissal without prejudice may not be warranted where "potentially adverse statute-of-limitations consequences" come into play, as dismissal without prejudice does not generally toll the statute of limitations.  *DirectTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Dupree v. Apple, Inc.*, 2016 WL 4191653, *5 (N.D. Cal. Aug. 9, 2016).  In the instant case, Yahoo does not argue that dismissal would result in adverse statute-of-limitations consequences.

12

United States District Court
Northern District of California

1    this action pursuant to Federal Rule of Civil Procedure 4(m).  Fed. R. Civ. P. 4(m) (requiring

2    parties to be served within 90 days of the complaint being filed and providing district court

3    discretion to dismiss action without prejudice if parties fail to do so).

4    **IV.   CONCLUSION**

5           For the foregoing reasons, Yahoo's motion for relief from Judge Lloyd's nondispositive

6    pretrial order is DENIED.  In addition, because Yahoo has failed to show that Defendants'

7    conduct arises from a single transaction or occurrence, Doe Defendants 11 through 510 are

8    DISMISSED without prejudice.  The initial case management, currently set for August 17, 2016,

9    at 2:00 p.m., is CONTINUED to September 21, 2016, at 2:00 p.m.

10   **IT IS SO ORDERED.**

11   Dated:  August 15, 2016.

12   _Lucy H. Koh_
     _____
13   LUCY H. KOH
     United States District Judge

Northern District of California
United States District Court

13